# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FERNANDO NUNEZ, JR.,

    Plaintiff,

    v.

TOM W. WOLF, *et al.*,

    Defendants.

NO. 3:15-CV-1573

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before me is the Motion for Appointment of Counsel (Doc. 11) filed by Plaintiff Fernando Nunez, Jr. ("Plaintiff"). Plaintiff commenced this action on August 12, 2015. (*See* Doc. 1, *generally*). In the Complaint, Plaintiff alleges that various prison policies violate his constitutional and statutory rights by placing a substantial burden on his and his wife's religious beliefs. (*See id.*, *generally*).

Plaintiff's motion for counsel will be denied without prejudice. A plaintiff in a civil case has no constitutional or statutory right to counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). The Court does not have the authority to compel a lawyer to represent an indigent plaintiff. *Tabron v. Grace*, 6 F.3d 147, 153 n.1 (3d Cir. 1993). Rather, representation for an indigent person is governed by 28 U.S.C. § 1915(e)(1), which provides that the court "may request an attorney to represent any person unable to afford counsel," but the court cannot order the attorney to do so. The Third Circuit Court of Appeals has cautioned that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted . . . ." *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997).

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) to decide to seek counsel for a litigant, *Montgomery*, 294 F.3d at 498, and the decision can be made at any point in the litigation. *Id*. at 503–04. As a threshold matter, the Court must assess whether the claimant's case has some arguable merit in fact and law.

*Tabron*, 6 F.3d at 155. If the plaintiff overcomes this initial hurdle, the Court may then consider the following non-exhaustive list of factors when appointing *pro bono* counsel: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigations will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Id*. at 155-157 & n. 5.

Plaintiff has not made a threshold showing for the appointment of counsel in this civil case. Plaintiff asserts that he needs counsel appointed because (1) he is an indigent prisoner, (2) the complexity of the factual and legal issues in this case are beyond his ability to investigate and present, and (3) his efforts to obtain counsel *pro bono* and/or on a contingency basis have been unsuccessful. (*See* Doc. 11, ¶¶ 1-2, 5). However, Plaintiff must first demonstrate that his claim has some merit in fact and law. At this stage of the proceedings, and noting that service has yet to be effectuated on Defendants, it is not clear that Plaintiff is able to do so. Thus, appointment of counsel is not warranted at this time. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or pursuant to a properly filed motion. Until then, I will deny Plaintiff's motion to appoint counsel.

For the above stated reasons, Plaintiff's motion to appoint counsel will be denied without prejudice.

An appropriate order follows.

October 18, 2018 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge