## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FERNANDO NUNEZ JR., | : | Civil No. 3:15-CV-01573 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TOM W. WOLF, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

### MEMORANDUM

Before the court is Plaintiff Fernando Nunez's motion to compel.  (Doc. 56.)
Plaintiff asks the court to strike Defendants' interrogatory responses and objections
because they are not properly verified, timely served, complete or responsive.  For
the following reasons, the motion will be denied.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Fernando Nunez is a self-represented individual who proceeds *in forma
pauperis* in this matter.  Nunez is presently confined at the Mahanoy State
Correctional Institution ("SCI-Mahanoy"), in Frackville, Pennsylvania.  Nunez
filed this action in 2015 challenging the denial of his requests for religious
accommodation for conjugal visits, a non-medically necessary circumcision,
congregational prayer with guests in the visitors' room, and use of an electric
razor.  (Doc. 35.)  Following resolution of Defendants' motion to dismiss the
amended complaint, all claims remain except for Plaintiff's claim concerning the

denial of an electric razor.  The surviving Defendants are Secretary John Wetzel and Regional Deputy Tabb Bickell.  (Doc. 64.)  Defendants filed an answer to the complaint on December 3, 2020.  (Doc. 66.)

In April 2020, Nunez filed a motion to compel claiming Defendants' answers to his November 2019 interrogatories were evasive, untimely served, and unverified by counsel.  Due to these defects, Nunez argues that Defendants waived all objections in their discovery responses.[1]  (Docs. 56, 57.)  Under cover of a February 24, 2020 letter, defense counsel intended to serve Nunez with copies of Defendant Wetzel (Doc. 57, pp. 21–27) and Defendant Tabb's (*Id*., pp. 29–35) interrogatory responses.  Defendants verified their respective interrogatory responses on January 29, 2020 and January 30, 2020, respectively.  (*Id.*, pp. 17, 19.)  Due to administrative issues, the envelope containing Defendants' responses was not mailed until March 17, 2020.  (*Id*., p. 13.)  Nunez alleges he incurred $21.00 in expenses litigating his motion to compel.  (*Id.*, p. 38.)

Defendants oppose Plaintiff's motion to compel noting their untimely service of their responses was not intentional and that their verified answers were not evasive or inadequate.  (Doc. 59.)  Defense counsel claims that while Defendants' "discovery responses were prepared and submitted for mailing on

---

[1] The court granted Defendants an enlargement until February 25, 2020, to respond to Plaintiff's discovery request.  *See* Doc. 50.

February 24, 2020," they were "apparently misplaced and not mailed until March 17, 2020." (*Id.*)  Defense counsel attributes the oversight to administrative staffing vacancies worsened by the advent of the Coronavirus.  (Id., p. 4.)  Nunez does not dispute receiving copies of the Defendants' interrogatory responses, or that each Defendant verified them, and that defense counsel's signature is affixed to the last page of each response.  Nunez repeated the assertions of his motion in his reply brief.  (Doc. 60.)

### STANDARD OF REVIEW

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P. 37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response."  Fed. R. Civ. P. 37(a)(4).  If a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).

**DISCUSSION**

**A.      Timeliness of Defendants' Interrogatory Responses**

Pursuant to Rule 33(b)(2) of the Federal Rules of Civil Procedure, parties must respond to interrogatories within 30 days (or such other time as the court may determine) after being properly served.  Here, the court granted Defendants an enlargement of time until February 25, 2020, to respond to Plaintiff's November 2019 interrogatories.  Although defense counsel prepared Defendants' responses in a timely fashion, they were not mailed to Plaintiff until March 17, 2020, which was twenty-one days late.

Nunez, without evidence, states defense counsel's actions "were intentional and designed to stonewall plaintiff's discovery efforts."  Yet, he does not identify any harm or prejudice caused by his delayed receipt of Defendants' interrogatory responses.  To date, both Nunez and counsel have been working cordially together to resolve discovery and other litigation matters.  The court urges this cordial working relationship to continue.  In this instance, it does not appear that Defendants' untimely service of Defendants' interrogatory answers was intentional.  Moreover, the procedural posture of this case underscores the lack of prejudice with respect to Nunez's ability to conduct necessary discovery in this matter.  Only recently have the Defendants filed an answer to the amended complaint.  As such, the court has yet to issue a case management order setting a

4

date for the close of discovery in this matter.  Accordingly, Defendants'

interrogatory responses and objections will not be struck due to their late filing.

### B. Counsel's Alleged Failure to Attach a Signed Verification to Defendants' Interrogatory Responses

Rule 33 requires that interrogatory responses are answered "separately and

fully under oath" unless an objection is raised.  *See* Fed. R. Civ. P. 33(b)(3).  "The

person who makes the answers must sign them, and the attorney who objects must

sign any objections."  Fed. R. Civ. P. 33(b)(5).  Rule 26(g)(2) of the Federal Rules

of Civil Procedure also imposes a "signature requirement" on an attorney or party

responding to discovery.  *See* Fed. R. Civ. P. 26(g).  With respect to counsel, their

signature on discovery documents constitutes a certification "that to the best of the

person's knowledge, information, and belief, formed after a reasonable inquiry"

that at the time the request, response, or objection was made, it is:

> (i) consistent with these rules and warranted by existing
> law or by a nonfrivolous argument for extending,
> modifying, or reversing existing law, or for establishing
> new law; (ii) not interposed for any improper purpose,
> such as to harass, cause unnecessary delay, or needlessly
> increase the cost of litigation; and (iii) neither
> unreasonable nor unduly burdensome or expensive,
> considering the needs of the case, prior discovery in the
> case, the amount in controversy, and the importance of the
> issues at stake in the action.

Fed. R. Civ. P. 26(g)(1)(B).  This obligation is different from a responding party's

need to affirm their answers "under oath."

Nunez's belief that Defendants' responses are "unverified" is wrong.  Nunez does not dispute that Defendants properly verified their interrogatory response.  Rather, he claims the responses are "unverified" because Defense counsel failed to comply with the "verification" requirements of Fed. R. Civ. P. 33(b)(4).  Nunez addressed his interrogatories to Defendants, not defense counsel.  Fed. R. Civ. P. 33(b)(3) only requires the party responding to the interrogatories to affirm their answers "under oath."  Therefore, while Defendants must "verify" their interrogatory responses, counsel need not.  An attorney raising objections to interrogatories must comply with the signature requirements of Fed. R. Civ. P. 26(g)(1) and 33(b)(5).  Therefore, Nunez' assertion that defense counsel's signature at the end of Defendants' discovery answers failed to satisfy the signature requirement of Fed. R. Civ. P. 33(b)(5) is without merit.

## C.  Nunez's Challenges to Defendants' Individual Interrogatory Responses.

Nunez also takes issue with certain responses provided by Defendants to his interrogatories.  To begin, Nunez claims that the following response is evasive as it allows Wetzel to "answer a question with a question."

> Wetzel Interrogatory No. 9:  Explain in specific detail how allowing plaintiff Nunez to have private conjugal visits with his lawful spouse would raise health concerns for the department?

6

Response:  See  answer to interrogatory 9 above.

(Doc. 57, p. 23.)

The court disagrees.  The obvious and logical reading of Defendant Wetzel's response, in the context of the preceding and similar interrogatory request, supports defense counsel's assertion of a typographical error in the response.  *See id.*, p. 22. The signature and verification requirements of the federal discovery rules require the responding party's good faith and reasonable effort as to the accuracy of their responses, not perfection.  While undesirable and clearly unintended, typographical errors do happen.  In this instance, the error is obvious, and based on counsel's clarification that Wetzel incorporated by reference his response to interrogatory 8, as his response to interrogatory 9, the court will not direct Wetzel to supplement this response.

Next, Nunez takes issue with both Defendants' responses to the following interrogatories because they "did not explain why inmates with medical conditions – as opposed to Muslim inmates – are allowed to purchase and possess and possess an electric razor, but inmates who request to purchase one for religious reasons can not possess one."

> Wetzel Interrogatory No. 16 & Bickell Interrogatory 6:  Why does the department permit inmates with a verifiable medical skin condition to purchase and possess an electric razor for medical reasons, but does not allow inmates to purchase and posses one for religious reasons?

Response (Wetzel):  Because the least restrictive alternative is to use a disposable razor.  Electric razors have an added security risk because their cases are not transparent and because they are being manipulated for use in the manufacturing of tattoo paraphernalia.

Response (Bickell):  Because the least restrictive alternative is to use a disposable razor.  Electric razors have an added security risk because their cases are not transparent.

(*Id.*, p. 24–25, 30.)

The court does not either Defendants' answer to be unresponsive or evasive. As suggested by Defendants, the wording of Nunez's interrogatory, minus the prefatory language, asks Defendants why inmates are not permitted to purchase electric razors for religious purposes.  Both Defendants fairly answered this interrogatory and thus will not be required to supplement their responses.

Finally, Nunez claims that the following response is evasive.

Wetzel Interrogatory No. 22:  Why can't an area in the contact visiting room be designated for inmates and their loved ones to pray, in the same way the department has designated an area for children to play during an inmate's contact visit?

Response:  See  response to interrogatory 22 above.[2]

---

[2] Wetzel's Response to Interrogatory 21:  You identify as Muslim, a faith that requires prostration to pray.  Visitors are restricted to the visiting room in order for the department to monitor and control who is visiting. The visiting rooms, which are busy places, permit all inmate visitors, not just those of a particular faith.  Allowing individuals, whether inmates or visitors, to prostrate themselves in such an area, while others (including small children) are moving around would create a trip risk and would, in addition, not be amendable to creating a quiet, clean (for the purposes of prostration) and sanctified areas as is normally associated with demonstrative prayer.  (*Id.*, p. 26.)

(Doc. 57, p. 26.)

Again, Defendants acknowledge the typographical error in the response where Wetzel refers to his answer to interrogatory 22 rather than interrogatory 21 "above". Based on Wetzel's clarification that he sought to incorporate by reference his response to interrogatory 21 as his answer to interrogatory 22, the court will not compel this Defendants to further respond the discovery request.

## CONCLUSION

Plaintiff's motion to compel seeking to strike the objections lodged in Defendants' interrogatory answers as untimely and unverified will be denied. Also, as Defendants Wetzel's answers to interrogatories 9, 16, and 22, and Defendant Bickell's response to interrogatory 6, are neither evasive nor incomplete, Plaintiff's motion to compel Defendants to supplement their responses will be denied. There is no basis to issue discovery sanctions in this matter.

An appropriate order will issue.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: December 11, 2020

9