IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FERNANDO NUNEZ,** | : | Civil No. 3:15-CV-1573 |
| Plaintiff | : | |
| | : | (Judge Wilson) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **TOM WOLF, et al.,** | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

I. **Factual and Procedural Background**

This case comes before us for resolution of two discovery motions: a motion to compel, (Doc. 81), and a motion to determine sufficiency of responses to requests for admissions. (Doc. 74). By way of background, Nunez is an adherent to Islam and claims that his religion rights are being violated under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") in three ways. First, he alleges that the Department's policy prohibiting conjugal visits violates his Islamic beliefs. Specifically, he avers that he was permitted to marry in 2013, but was not permitted to consummate his marriage in accordance with his religious beliefs. (Doc. 34 at ¶¶ 8-9). He also seeks ongoing conjugal visits and other forms of intimacy as understood in Islamic practice to include "light talk, love expressions, touching, caressing, kissing and fondling." (Doc. 34 at ¶ 11). Second, Plaintiff seeks to be able

to engage in group prayer in the visiting room with his visitors. (Doc. 34 at ¶ 68). Third, he seeks a circumcision for religious reasons. (Doc. 34 at ¶¶ 90-95).

In the course of this prolonged litigation, Nunez propounded a series of requests for admission upon the defendants. Included among these requests were requests to verify various written prison policies, requests for admission that spanned beyond the tenure of some prison officials, requests for admissions relating to aspects of Nunez's prior institutional history, and requests that sought to identify where security cameras may be located. The defendants responded to these requests, but in some instances declined to provide security-related information and in other instances simply informed Nunez that various written prison policies were available for his inspection. Nunez also propounded some additional discovery requests following the expiration of the discovery deadline in this case. The defendants declined to respond to this untimely discovery, which they regarded as largely redundant of prior discovery requests.

It is against this backdrop that Nunez has filed his various discovery motions. These motions are fully briefed and are, therefore, ripe for resolution. Upon consideration of the parties' positions, for the reasons set forth below, we will DENY these discovery motions.

## II.    **Discussion**

Rulings regarding the proper scope of discovery are matters consigned to the court's discretion and judgment. A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of abuse of that discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion also extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . ., "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing Scott Paper Co. v. United States, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under the standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 2735702, at *1 (D.N.J. Sept. 27, 2010).

The exercise of this discretion is guided, however, by certain basic principles. At the outset, Rule 26(b) of the Federal Rules of Civil Procedure generally defines

the scope of discovery permitted in a civil action, prescribes certain limits to that discovery and provides as follows:

> (b) Discovery Scope and Limits.
>
> (1) *Scope in General*. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b).

Thus, our discretion is limited in a number of significant ways by the scope of Rule 26 itself, which provides for discovery of only "nonprivileged matter that is relevant to any party's claim or defense." Accordingly, "[t]he Court's discretion in ruling on discovery issues is, therefore, restricted to valid claims of relevance and privilege." Robinson v. Folino, No. 14-227, 2016 WL 4678340, at *2 (citing Jackson v. Beard, No. 11-1431, 2014 WL 3868228, at *5 (M.D. Pa. Aug. 6, 2014) ("Although the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits. . . . Courts will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information")).

4

Therefore, at the outset, it is clear that Rule 26's definition of that which can be obtained through discovery reaches any nonprivileged matter that is relevant to any party's claim or defense, and valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all relevant information, a concept which is not confined to admissible evidence but is also defined in the following terms: "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Rather, Rule 26 states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." This concept of relevance is tempered, however, by principles of proportionality. Thus, we are now enjoined to also consider whether the specific discovery sought is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Thus, it has been said that the amended rule 'restores the proportionality factors to their original place in defining the scope of discovery.'" Fassett v. Sears Holdings Corp., 319 F.R.D. 143, 150 (M.D. Pa. 2017) (quoting Wertz v. GEA Heat Exchangers Inc., No. 1:14-CV-1991, 2015 WL 8959408, at *2 (M.D. Pa. Dec. 16, 2015)).

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. <u>Morrison v. Philadelphia Housing Auth.</u>, 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery, (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." <u>In re Urethane Antitrust Litigation</u>, 261 F.R.D. 570, 573 (D. Kan. 2009).

Several other considerations guide us in addressing this discovery dispute. First:

> [I]n a prison setting, inmate requests for information relating to security procedures can raise significant institutional safety concerns, and implicate a legitimate governmental privilege, a governmental privilege which acknowledges a governmental needs to confidentiality of certain data but recognizes that courts must balance the confidentiality of governmental files against the rights of a civil rights litigant by considering:
>
> > the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or

>reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiffs case.

Wheeler v. Corbett, No. 3:11-CV-92, 2015 WL 4952172, at *3 (M.D. Pa. Aug. 19, 2015) (citations omitted).

In addition:

When considering discovery disputes like the instant dispute relating to requests for admissions, the court-and the litigants-must remain mindful of the limited purpose served by this particular discovery tool.

>The purpose of Rule 36(a) is to narrow the issues for trial to those which are genuinely contested. See Webb v. Westinghouse Elec. Corp., 81 F.R.D. 431, 436 (E.D.Pa.1978); United States v. Watchmakers of Switzerland Information Center, Inc., 25 F.R.D. 197, 201 (S.D.N.Y.1959). Where, as here, issues in dispute are requested to be admitted, a denial is a perfectly reasonable response. Furthermore, the use of only the word "denied" is often sufficient under the rule. See, e.g., Continental Casualty Co. v. Brummel, 112 F.R.D. 77, 81–82 n. 2 (D.Colo.1986); Kleckner v. Glover Trucking Corp., 103 F.R.D. 553, 557 (M.D.Pa.1984). "Regardless of the subject matter of the Rule 36 request, the statement of the fact itself should be in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or qualification." Havenfield Corp. v. H & R Block, Inc., 67 F.R.D. 93, 96 (W.D.Mo.1973). "A request for an admission, except in a most unusual circumstance, should be such that it could be answered yes, no, the answerer does not know, or a very

> simple direct explanation given as to why he cannot answer, such as in the case of privilege." Johnstone v. Cronlund, 25 F.R.D. 42, 46 (E.D.Pa.1960). "Rule 36 should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation." Id. at 45

Wheeler, 2015 WL 4952172, at *4 (quoting United Coal Companies v. Powell Const. Co., 839 F.2d 958, 967–68 (3d Cir.1988)).

Finally, we note that "where a party has submitted an untimely discovery request, the court can, and in the exercise of its discretion often should, refuse to compel compliance with that request." Muniz v. Price, No. 3:10-CV-345, 2010 WL 4537037, at *2 (M.D. Pa. Nov. 3, 2010); see, e.g., Maslanka v. Johnson & Johnson, 305 F.App'x 848 (3d Cir. 2008) (affirming denial of *pro se* litigant motion to compel where discovery demands were untimely); Oriakhi v. United States, 165 F.App'x 991 (3d Cir. 2006) (same); Bull v. United States, 143 F.App'x 468 (3d Cir. 2005) (same).

With these legal guideposts in mind, we turn to consideration of Moore's various discovery requests.

At the outset, we conclude that Nunez is not entitled to compel responses to untimely discovery since he propounded these requests after the discovery deadline had run without first securing an extension of that deadline. Muniz, 2010 WL 4537037, at *2.

In addition, given the nature of Nunez's claims, which relate to religious and conjugal rights, we conclude that prison officials have appropriately declined to disclose sensitive security features at the prison and Nunez may not compel them to do so.

Finally, taking into account the narrow purpose served by requests for admissions, we find that those responses to Nunez's somewhat prolix requests which merely referred Nunez to various written prison policies, provided admissions limited to the parties' tenure within the Department of Corrections, and declined to make admissions regarding aspects of Nunez's prior institutional history that were unknown by the responding party were appropriate responses to these particular requests. Therefore, further supplementation of these requests is not necessary.

Having reached these conclusions, the plaintiff's motion to compel, (Doc. 81), and a motion to determine sufficiency of responses to requests for admissions, (Doc. 74), will be denied.

An appropriate order follows.

DATED: March 7, 2022.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FERNANDO NUNEZ,** | : | Civil No. 3:15-CV-1573 |
| **Plaintiff** | : | (Judge Wilson) |
| v. | : | (Magistrate Judge Carlson) |
| **TOM WOLF, et al.,** | : | |
| **Defendants.** | : | |

## ORDER

AND NOW, this 7th day of March 2022, in accordance with the accompanying Memorandum, IT IS ORDERED that the plaintiff's motion to compel, (Doc. 81), and a motion to determine sufficiency of responses to requests for admissions. (Doc. 74) are DENIED.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge