IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FERNANDO NUNEZ, JR., | : | Civil No. 3:15-CV-01573 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LAUREL R. HARRY, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

**MEMORANDUM**

Presently before the court is "Plaintiff's Notice to Court of Defendants Noncompliance with Court Order" arguing that Defendants have failed to produce discovery as previously ordered by the court. (Doc. 175.)  While the document is not drafted as a motion, it does seek sanctions in the form of an immediate jury trial and the exclusion of evidence at summary judgment.  (*Id*.)  The court will construe the filing as a motion for sanctions and deny the motion for the following reasons.

PROCEDURAL HISTORY AND BACKGROUND

The current discovery dispute began in August of 2025 following the filing of Defendants' motion for summary judgment.  (Docs. 151, 152, 155.)  On August 13, 2025, Plaintiff filed a declaration in accord with Fed. R. Civ. P. 56(d) alleging that his discovery requests were denied by Plaintiffs for the very evidence Plaintiffs then relied upon in support of their motion for summary judgment.  (Doc.

1

155.)  The court then reopened discovery and ordered the production of the outstanding discovery.  (Docs. 160, 164.)

In the interim, Defendants' motion for summary judgment was withdrawn. (Doc. 169.)  On July 7, 2026, Plaintiff filed the instant notice to the court stating that despite the court's order to produce the outstanding evidence, the Defendants were denying the existence of evidence in bad faith.  (Doc. 175.)  Plaintiff does not request the production of the discovery he alleges is being withheld in bad faith, but instead requests Defendants be sanctioned by an immediate scheduling of a jury trial and the exclusion of some evidence at summary judgment.  (*Id.*) Defendants responded to Plaintiff's motion for sanctions on July 14, 2026.  (Doc. 177.)  On July 16, 2026, Defendants filed a new motion for summary judgment along with a statement of material facts and a brief in support of their motion. (Docs. 178, 179, 180, 181.)

### STANDARD FOR SANCTIONS

When a party from whom discovery is sought fails to comply with a court order compelling discovery, Rule 37 of the Federal Rules of Civil Procedure allows for the imposition of sanctions. The Rule provides:

> If a party . . . fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders. They may include the following:

2

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

There are three purposes for the disciplinary sanctions under Rule 37: (1) to "ensure that a party will not benefit from its own failure to comply"; (2) to serve as a "specific deterrents and seek to obtain compliance with a particular order issued"; and (3) "to serve as a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault." *Update Art, Inc. v. Modin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988). A court has broad authority to issue sanctions for failure to comply with discovery orders. However, the broad discretion to impose sanctions pursuant to Rule 37 is limited by the requirements that the sanctions be "just" and that they be "specifically related the particular claim which was at issue in the order to

provide discovery." *Gen. Ins. Co. of Am. v. E. Consol. Utilities, Inc.*, 126 F.3d 215, 220 (3d Cir. 1997) (further quotations omitted).

### DISCUSSION

In his motion for sanctions, Plaintiff repeatedly asserts that Defendants are being dishonest in their refusal to produce evidence and their claims that such evidence does not exist. (Doc. 175.) The court does not find justification for sanctions in any of the discovery disputes raised in Plaintiff's motion.

Plaintiff's first request was for the "Statistical data and/or evidence acknowledging the number of DOC staff who attempted to introduce contraband into 'any' SCI between the years of 2015 to the present day." (*Id*.) Defendants responded that no such document exists. (*Id*.) Plaintiff argues that this evidence does exist because he has a response to a request under the Right-to-Know Law including a chronological list of former employees who were terminated for drug smuggling. (*Id*.) Here, there is a distinction between a request acknowledging the number of DOC staff who attempted to introduce contraband and a list of DOC employees who have been terminated for drug smuggling. Plaintiff's request is far broader than the list of those employees who have been terminated for drug smuggling. The two are not co-extensive. If no such evidence exists, the court cannot order the production of the evidence. *See Wells v. JPC Equestrian, Inc.*, No. 3:13-CV-2575, 2014 WL 5641305, *4 (M.D. Pa. Nov. 4, 2014) *citing Taylor*

4

*v. Harrisburg Area Comm. Coll.,* 2013 WL 6095481 (M.D. Pa. Nov.20, 2013). Furthermore, it appears Plaintiff has obtained evidence concerning the number of employees who were terminated for drug smuggling.  Therefore, he has the evidence he believes relevant.  The court will deny any request for sanctions associated with Defendants' response to this request.

Next, Plaintiff requests a transcript of Plaintiff's March of 2022 prison phone call that Defendants allege is evidence of his attempt to introduce contraband in the facility and any disciplinary action taken as a result.  (Doc. 175.) Defendants stated that they provided responsive records with some redactions. (*Id*.)  Plaintiff argues that Defendants did not produce any specific document responsive to the discovery request, "[l]et alone confirm or deny whether any disciplinary action was taken against Plaintiff to substantiate their allegations." However, Plaintiff attached a suspicious activity report from March 28, 2022 detailing a phone conversation.  (Doc. 175-5.)  Therefore, a responsive document was provided.  The question of whether or not this production supports Defendants' assertion that Plaintiff has taken steps to introduce contraband into the facility is a question of the validity of the evidence and not a discovery issue. Sanctions are not appropriate to address this issue.

Third, Plaintiff requests investigative reports in support of Mr. Nicklow's declaration at paragraphs 35 to 39 (discussing Plaintiff's attempt to have his

mother smuggle drugs into the facility) and any disciplinary action taken as a result.  (Doc. 175.)  Defendants provided responsive records with some redactions.  (Doc. 177.)  Plaintiff argues that the production does not support Nicklow's declaration.  (Doc. 175.)  Again, whether or not the production supports the allegations made by Defendants is a question of validity and weight of the evidence and not a discovery dispute.  Therefore, sanctions are not appropriate for Defendants' production.

Fourth, Plaintiff requested evidence related to the cost associated with accommodating Plaintiff's request for conjugal visits.  (Doc. 175.)  Defendants responded with photos of visiting room areas and photos of areas previously used for Security Level 5 non-contact visits that are currently being used for storage.  (Doc. 177.)  Defendants also provided the estimated cost to renovate the Security Level 5 non-contact visiting room.  (*Id*.)  Plaintiff asserts that he was not provided the photos he wanted concerning the L-5 non-contact visiting room area and that he did not want the cost to renovate the entire L-5 non-contact visiting area, but only the cost to renovate a single room in the L-5 non-content visiting area.  (Doc. 175.)  However, the court finds the at the production conforms with the court's March 26, 2026 order requiring the following production:

> Evidence related to the cost associated with the accommodations Plaintiff alleges he was denied, such as: photos of current facility visiting areas (including the L-5 noncontact visit room area); number of staff needed if he were allowed conjugal visits; estimated cost to

renovate the L-5 non-contact visiting room to allow for conjugal visits; cost of emergency alert device for his spouse, hourly pay for a Correctional Officer 1; and cost of full body scanner at SCI-Houtzdale visiting room.

(Doc. 164.) If the court's March 26, 2026 order was not worded correctly to obtain the documents Plaintiff desired, the appropriate time to correct this language was immediately following the court's order. Therefore, there is no evidence to support sanctions against Defendants as to their response to this discovery request.

## CONCLUSION

For the above-stated reasons, the court will deny Plaintiff's request for sanctions against Defendants concerning their production of discovery in accord with the court's March 26, 2026 court order. The court will not entertain additional discovery disputes in this action. If there is argument about the relevance of evidence, such an issue can be addressed in summary judgment briefing.

An appropriate order follows.

<u>s/Jennifer P. Wilson</u>
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: July 30, 2026